**MACK v. ELI et al.**

**No. 1629.**

Court of Appeal of Louisiana. First Circuit.

June 30, 1936.

W. A. Benton, of Baton Rouge, for appellant.

OTT, Judge.

On May 1, 1935, the plaintiff secured a judgment against the defendants, Louis Eli, Ellen Eli Lawson, Nettie Eli, and Carrie Eli, in the sum of $561.42, with interest and cost (the judgment to operate in rem only against the last named three defendants) ; and it was further decreed in said judgment that the plaintiff have a lien and privilege on the following described property, to wit: "A certain lot or parcel of ground, together with the buildings, and improvements thereon, situated in that part of the City of Baton Rouge, known as Suburb Swart, designated on the plan thereof as Lot Sixteen (16) of Sq. Fifty (50), measuring sixty (60) feet front on Lucy Street by a depth between parallel lines, shown upon the map or plat of said suburb."

It was further ordered that said property be sold according to law for cash, and that the judgment for the sum of $120.86, with 6 per cent. interest thereon from December 4, 1929, be paid by preference and priority over all other creditors of the defendants. The latter amount on which the lien and privilege on the property was recognized being that part of the judgment for a paving lien against the property which had been paid by plaintiff who had been thereby subrogated to the rights of the city in said lien and privilege.

A writ of fieri facias issued under said judgment ordering and commanding the sheriff to seize and sell said property to satisfy said judgment. The sheriff accordingly seized and advertised said property for sale on June 8, 1935. In the writ of execution and in the advertisement the property was described the same as in the judgment.

On the day of the sale the sheriff procured and read a mortgage certificate on the property, and it was then discovered for the first time that there was an error in the description of the property in the proceedings leading up to the sale, in that the property was described in the judgment, in the writ, and in the advertisement, as being in square No. 50 of Suburb Swart, when as a matter of fact the property was correctly described in the mortgage certificate as being in square 250 of said Suburb Swart. Otherwise the descriptions were the same.

When this discrepancy in the description was discovered and at the request of counsel for plaintiff, the sale was continued to 4 o'clock on the day of the sale to give counsel for plaintiff an opportunity to look into the matter. At the hour to which the sale was adjourned, the sheriff adjudicated the property to the plaintiff, at the same time announcing that the property was sold subject to the mortgages and privileges shown on the certificate. It seems that the sheriff refused to make a deed to the purchaser until all of the encumbrances against the property were satisfied, and, in addition thereto, until plaintiff had secured from the parties concerned an act correcting the description.

On the refusal of the sheriff to make the deed to the property, the plaintiff took a rule on him to show cause why he should not complete the sale and execute a deed to plaintiff under the adjudication. We do not find this rule in the record, but we do find in the record an uncertified copy of a rule of this kind, and, as the record shows that a judgment was rendered and later signed dismissing the rule, we feel justified in considering the matter. The minutes show that the rule was dismissed on December 20, 1935, but a formal judgment of dismissal was not signed until May 28, 1936, from which judgment plaintiff secured an order of appeal to this court on May 29, 1936.

As the sheriff did not answer the rule nor make any appearance against it, the only question to consider is whether or not the pleadings and evidence justify granting the relief asked for in the rule.

In support of the rule, plaintiff offered in evidence the record of the suit, including the mortgage certificate read at the sale. He also offered a map of the city of Baton Rouge showing the Suburb Swart in which said property is located. Plaintiff also proved by the deputy sheriff who made the sale that plaintiff bid in the property for the cost and all encumbrances against it. It is further shown by this deputy that plaintiff has paid all encumbrances against the property and has otherwise complied with his bid. Plaintiff also offered in evidence a certified copy of an act of correction signed by the defendants, H. R. Baranco and the plaintiff, which act is dated June 8, 1935, and is duly recorded in the conveyance records of the parish.

The map offered in evidence shows that there is no such square in Suburb Swart as No. 50. The map further shows that there is but one lot number 16 measuring 60 feet front on Lucy street in Suburb Swart and that lot is in square 250. It is therefore patent on the face of the map that the property intended to be described in the proceedings is in square 250 instead of square 50. The description of the property is sufficient to identify it because lot 16 is the only lot in Suburb Swart fronting 60 feet on Lucy street, and because there is no square 50 in said Suburb Swart.

The sheriff has complied with articles 678 and 679 of the Code of Practice, and the adjudicatee has also complied with his bid. The encumbrances shown on the mortgage certificate, although the property is described in the certificate as being in square 250 instead of square 50, could have reference to no other property, because there is no lot 16 with a frontage of 60 feet on Lucy street in Suburb Swart, except in square 250. Moreover, all of these encumbrances have been satisfied and whatever liability might have been incurred by the sheriff by reason of these encumbrances against the property offered for sale under an erroneous description no longer exists as there is no longer any one who has an interest in the enforcement of these encumbrances, and the plaintiff himself certainly cannot complain for he is the one asking for the completion of the sale. If there is any defect in the

title resulting from the erroneous description, the plaintiff, as the purchaser, is the only person affected by such defect. The sheriff is only asked to make a title to plaintiff covering the property described in the judgment, the writ, and the advertisement.

In our opinion the sheriff should be required to complete the sale and execute a deed to plaintiff under the adjudication made June 8, 1935, of the property offered for sale and sold on that day. Of course, the sheriff will be required to make a deed to the property as described in the judgment, writ, and advertisement, but if he sees fit to make a notation therein of the act of correction, that is entirely optional with him. Plaintiff is not asking for a correction of the description in the deed.

For the reasons assigned, it is ordered that the judgment dismissing the rule herein be, and the same is hereby, annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the said rule be made absolute, and, accordingly, that the sheriff of East Baton Rouge parish be and he is hereby authorized and directed to complete the sale of the property offered for sale and sold on June 8, 1935, and that he execute a regular deed to plaintiff covering said property described in said judgment, writ, and advertisement, according to law. Appellant to pay the cost of the rule in both courts.